UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| SEAN AHEARN | : | SG 3836 |
| Plaintiff, | : | Docket No.: 13 Civ. _____ |
| -against- | : | |
| | : | COMPLAINT |
| THE NATIONAL FLOOD INSURANCE PROGRAM, W. CRAIG FUGATE in His Official Capacity as Administrator of the Federal Emergency Management Agency, JANET NAPOLITANO in Her Official Capacity as Secretary of the United States Department of Homeland Security | : : : : | Jury Trial: No |
| Defendants. | : | |

-------------------------------------------------------------------x

Plaintiff, by his attorneys, Gauthier, Houghtaling & Williams, LLP, for his Complaint against the Defendants, the National Flood Insurance Program, W. Craig Fugate, in his official capacity as Administrator of the Federal Emergency Management Agency, and Janet Napolitano, in her official capacity as Secretary of the United States Department of Homeland Security (collectively referred to as "FEMA"), alleges the following upon information and belief:

THE PARTIES

1.  The Plaintiff listed in the table below is an individual who resides and is domiciled in this judicial district. The property, located at the address shown below, was insured against flood damages by an individual Standard Flood Insurance Policy (the "Policy") that FEMA issued to Plaintiff under the National Flood Insurance Program.

| No. | Name of Insured(s) | Policy Number | Address of Property |
|---|---|---|---|
| 1. | Sean Ahearn | SF00343764 | 663 E Walnut St., Long Beach, Nassau County, NY |

|  |  |  | 11561-3715 |
|---|---|---|---|

2. FEMA is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, *et seq*. Defendant W. Craig Fugate is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. *See also* 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22. Defendant Janet Napolitano is also a property party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107 296, 5 U.S.C. §§ 301 *et seq*., which transferred all functions, personnel, and liabilities of FEMA to the Secretary of the Department of Homeland Security.

## JURISDICTION

3. This action arises under the National Flood Insurance Act, federal regulations and common law, and the Standard Flood Insurance Policy that FEMA sold and issued to Plaintiff pursuant to the National Flood Insurance Program. The Policy covered losses to Plaintiff's property located in this judicial district.

4. The Court has original, exclusive jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331 because this action involves disputed claims under Standard Flood Insurance Policy that FEMA issued to Plaintiff, and the insured property is located in the Eastern District of New York.

5. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

FACTUAL BACKGROUND

7. Plaintiff purchased a Standard Flood Insurance Policy (the "Policy") from FEMA to insure his property and contents located at the address shown above against physical damage by or from flood. The Policy was not a "Write-Your-Own" policy administered by a non-government insurer; the Policy in this case was issued and administered directly by FEMA to Plaintiff under 42 U.S.C. § 4071.

8. Plaintiff paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

9. On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiff's insured property.

10. As a result of the Storm, Plaintiff suffered losses by and from flood to his insured property and to personal property and contents located therein. Plaintiff has incurred and/or will incur significant expenses to repair and replace his flood-damaged property.

11. Plaintiff reported the damage and properly submitted his claims to FEMA. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

12. FEMA unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiff's claims.

13.     Plaintiff retained independent experts to evaluate the damages to his insured property caused by and from flood.  The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property.  These damages were thoroughly documented and reports were submitted to FEMA for review.  FEMA has unfairly and improperly persisted in denying the claims.

FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)

14.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

15.     Plaintiff and FEMA entered into a contract when Plaintiff purchased and FEMA issued the Policy.

16.     The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to his property and contents located at the address shown above.

17.     Plaintiff fully performed under the contract by paying all premiums when due and cooperating with FEMA regarding his claims. Plaintiff complied with all conditions precedent to his recovery herein, including appropriate and adequate demands, or FEMA waived or excused such conditions precedent.

18.     FEMA failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what he is owed for damages the Storm caused to property that the Policy covered.  FEMA also breached the contract by failing to perform other obligations it owed under the Policy.

19.     FEMA has a duty to deal fairly and in good faith with the Plaintiff.  There is an implied covenant of good faith and fair dealing in every insurance contract.  This covenant

obligates the party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party. It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

20. By wrongfully denying payments to Plaintiff, FEMA has breached, or will breach, the duties of good faith and fair dealing owed to Plaintiff, and to the public at large. In addition, FEMA breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiff is presently unaware. FEMA's duty of good faith and fair dealing continues during the pendency of this case. Plaintiff reserves the right to seek leave of the Court to amend this Complaint at such time as he may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

21. By virtue of its various breaches of contract, including its failure to fully reimburse the Plaintiff for his covered losses, FEMA is liable to and owes Plaintiff for the actual damages he sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

## PRAYER

WHEREFORE, the Plaintiff named herein respectfully requests that the Court enter judgment in his favor for such amounts as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

> Respectfully submitted,
>
> Gauthier, Houghtaling & Williams, LLP

                                          /s/ *Sean Greenwood*
By: _____
     Sean Greenwood
     New York Bar No. 4409140
     SG 3836
     Attorneys for Plaintiff
     52 Duane Street Floor 7
     New York, NY 10007
     Telephone: (646) 461-9197
     Facsimile: (212)732-6323

TO:    Federal Emergency Management Agency
        U.S. Department of Homeland Security
        500 C Street SW
        Washington, D.C. 20472